FILED

07/20/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0118

DA 20-0118

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 184N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TERENCE R. PASSMORE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC 06-60
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Terence R. Passmore, Self-represented, Deer Lodge, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

          Kendra Lassiter, Park County Attorney, Livingston, Montana

Submitted on Briefs:  June 30, 2021

Decided:  July 20, 2021

Filed:

_____
               Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Defendant and Appellant Terence R. Passmore (Passmore) appeals from the Order Denying Motion to Amend Judgment issued January 21, 2020, by the Sixth Judicial District Court, Park County. On December 16, 2019, nearly 10 years after this Court affirmed his conviction and over five years after this Court denied his first petition for postconviction relief (PCR), Passmore filed a motion to amend judgment seeking to be relieved of completing Phase 2 of his Sex Offender Treatment at the Montana State Prison—instead seeking to complete this phase of treatment in the Missoula community. The District Court held, pursuant to § 46-18-116(2) and (3), MCA, it had no authority to alter or amend a criminal judgment as none of the statutory conditions permitting such—the judgment conflicting with oral pronouncement with request made within 120 days of filing the written judgment, the sentence being factually erroneous, postconviction relief having been properly sought, or the court having been appropriately instructed by the appellate court—existed. We agree with the District Court. Further, Passmore's motion to amend is nothing more than a successive PCR petition—styled as a motion—collaterally attacking his sentence. His motion to amend his judgment is time-barred under § 46-21-102, MCA, by several years. Finally, it is precluded by § 46-21-105, MCA, which prohibits PCR as to issues raised, or which reasonably could have been raised, in prior proceedings. As noted by the District Court, Passmore had opportunity to raise the claim he now asserts both on appeal and in conjunction with his first PCR petition and failed to do so. We affirm.

2

¶2     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  It shall not be cited and does not serve as precedent.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE